NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone: (213) 622-9100
Facsimile: (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>COMPREHENSIVE HEALTH X5 INC., a Florida profit corporation, doing business as COMPREHENSIVE HEALTH; AARON WEBB, an individual; RYAN NAUGHTIN, an individual,<br><br>Defendants. | Case No. 8:24-cv-01325-JWH(JDEx)<br><br>[Assigned to the Hon. John W. Holcomb]<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT RYAN NAUGHTIN**<br><br>Complaint Filed: June 18, 2024 |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Plaintiff Balboa Capital Corporation ("Balboa" or "Plaintiff") and defendant Ryan Naughtin ("Naughtin") (collectively, the "Parties") hereby stipulate and agree as follows:

WHEREAS, on or about September 15, 2021, Balboa executed and delivered to defendants Comprehensive Health X5 Inc. d/b/a Comprehensive Health ("Comprehensive Health"), Aaron Webb ("Webb"), and Naughtin (collectively, "Defendants") that certain written Equipment Finance Agreement No. 321868-001 (the "EFA"), which contained a personal guaranty signed by Naughtin (the "Guaranty"), under the terms of which Balboa loaned to Comprehensive Health a sum of $165,670.35;

WHEREAS, under the terms of the Guaranty executed concurrently with the EFA, and in order to induce Balboa to enter into the EFA with Comprehensive Health, Naughtin guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA, plus prejudgment interest, and all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty;

WHEREAS, the EFA required Comprehensive Health to make six (6) monthly payments of $99.00 and sixty (60) monthly payments of $3,949.78, beginning on November 14, 2021;

WHEREAS, on or about April 14, 2024, Comprehensive Health breached the EFA and Naughtin breached the Guaranty by failing to make the payment due on that date, which constitutes a default under the terms of the EFA;

WHEREAS, in accordance with the EFA, and as a proximate result of Defendants' default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa;

  WHEREAS, at the time of Defendants' default, there remained thirty-six (36) monthly payments, for a total of $142,192.08, due to Balboa, which Balboa discounted by 3% pursuant to a present value accounting formula, for a total of $136,810.52 due and owing to Balboa, exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendants;

  WHEREAS, in addition, the terms of the EFA provide that Comprehensive Health is liable to Balboa for late charges on all payments not made in a timely manner, which late charges total $1,421.92;

  WHEREAS, Balboa has performed all terms, conditions, and covenants required to be performed by Balboa under the terms of the EFA and Guaranty, including loaning Comprehensive Health the sum of $165,670.35;

  WHEREAS, on June 18, 2024, Balboa filed its Complaint against Comprehensive Health, Webb, and Naughtin seeking a principal damage amount of $138,232.44 for breach of the EFA and Guaranty, exclusive of prejudgment interest, and attorneys' fees and costs (Dkt. 1);

  WHEREAS, on June 30, 2025, the Parties met and conferred telephonically regarding Balboa's intention to bring a Motion for Summary Judgment ("MSJ") against Naughtin, and following that discussion, the Parties agreed to stipulate to a judgment against Naughtin in lieu of Balboa bringing its MSJ;

  NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties, through their respective counsel of record, that judgment in the amount of **$177,836.85** (comprised of a principal damage amount of $138,232.44, plus $16,890.02 in prejudgment interest from April 14, 2024 through July 3, 2025, the date of this stipulation, and continuing to accrue at the daily rate or $37.87, plus $22,714.39 in Balboa's attorneys' fees and costs as of July 3, 2025, the date of this stipulation) be entered in favor of Balboa and against Naughtin, which judgment Balboa may amend to include further reasonable attorneys' fees and costs pursuant to future motion practice.

2

STIPULATION FOR ENTRY OF JUDGMENT AGAINST RYAN NAUGHTIN
CASE NO.: 8:24-cv-01325-JWH(JDEx)

IT IS FURTHER STIPULATED that such judgment shall be entered pursuant to the concurrently-filed [Proposed] Stipulated Judgment.

IT IS SO STIPULATED.

DATED: July 3, 2025                     SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Jared T. Densen
Patty W. Chen

Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION

DATED: July 16, 2025

By: _____
Ryan Naughtin

Defendant
RYAN NAUGHTIN